# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>DANIEL KEVIN O'CONNELL and VALERY ANN O'CONNELL,<br><br>        Debtors. | Bankruptcy Case No. 19-60844-BPH |
| GLASTONBURY LANDOWNERS ASSOCIATION, INC.,<br><br>        Creditor and Appellant,<br><br>v.<br><br>DANIEL O'CONNELL and VALERY O'CONNELL,<br><br>        Debtors and Appellees, | No. CV-20-19-BU-SEH<br><br>OPINION and ORDER |

This matter is before the Court on appeal by Glastonbury Landowners Association, Inc. ("Glastonbury") from the April 27, 2020, Order of Judge Hursh of the Bankruptcy Court[1] which denied Glastonbury's Objection to Claim of

---

[1] Doc. 1-4.

Exemption, granted Debtor's Motion to Avoid Lien, and denied "relief requested by Glastonbury or the Debtors at ECF Nos. 60, 61, 62, 63, and 64."[2] This Court has jurisdiction under 28 U.S.C. § 158(a)(1).

## LEGAL STANDARD

The standard for review of a bankruptcy appeal is the same as that of a circuit court in review of district court decisions:[3] (1) "factual findings are reviewed for clear error;"[4] and (2) mixed questions of fact and law and conclusions of law are reviewed *de novo*.[5]

## BACKGROUND

Facts relevant to this appeal are detailed in the Bankruptcy Court order.[6]

Judgment was entered in Montana state district court in favor of Glastonbury and against Debtors Daniel Kevin O'Connell and Valery Ann O'Connell ("Debtors")[7] on May 8, 2017, which has resulted in a lien against the

---

[2] Doc. 1-4 at 16; *see* Docs. 65, 66, 67, 68, and 69.

[3] *See Ford v Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997).

[4] *Zurich Am. Ins. Co. v Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007).

[5] *Hernandez v Pizante (In re Pizante)*, 186 B.R. 484, 488 (B.A.P. 9th Cir. 1995) (citing *In re Wade*, 115 B.R. 222, 225 (B.A.P. 9th Cir. 1990)).

[6] Doc. 1-4.

[7] Doc. 61 at 2.

2

Debtors' real property.[8] Glastonbury initiated a second suit in Montana state district court in 2019 which resulted in: (1) an order granting summary judgment to Glastonbury on the issues of lien foreclosure; and (2) a determination, based in Montana law, that the homestead exemption claimed by Debtors did not apply to Debtors' real property.[9] No final judgment finalizing the order granting summary judgment to Glastonbury was issued at that time.[10]

Debtors filed for Chapter 7 bankruptcy soon after the order granting summary judgment was issued.[11] The bankruptcy automatic stay terminated on December 17, 2019, when the Bankruptcy Court discharged Debtors' debt.[12]

On December 28, 2019, Debtors moved in Bankruptcy Court to avoid Glastonbury's judicial lien.[13] Separately, the state district court entered an order on January 27, 2020, certifying the order granting summary judgment in favor of

---

[8] *See* Doc. 56-1; *O'Connell v Glastonbury Landowners Assoc., Inc.*, DV-2011-114, Mont. Sixth Jud. Dist. Court, Park County.

[9] *See* Doc. 56-2 at 8; *Glastonbury Landowners Assoc., Inc. v O'Connell*, DV-2018-166, Mont. Sixth Jud. Dist. Court, Park County.

[10] *See* Doc. 56-3; *Glastonbury Landowners Assoc., Inc. v O'Connell*, DV-2018-166, Mont. Sixth Jud. Dist. Court, Park County.

[11] *See* Doc. 6.

[12] *See* Doc. 41.

[13] *See* Doc. 43.

Glastonbury as final.[14] On April 27, 2020, the Bankruptcy Court granted Debtors' Motion to Avoid Lien and overruled Glastonbury's Objection to Claim of Exemption.[15] Glastonbury appealed.[16]

## DISCUSSION

The Bankruptcy Court's April 27, 2020, order included three rulings: (1) overruling the Objection to Claim of Exemption; (2) grant of the Motion to Avoid Lien; and (3) denial of relief requested in various other motions.[17]

### 1. Denial of the Objection to Claim of Exemption

Glastonbury's principal argument relies on the assertion that the Bankruptcy Court's order overruling the Objection to Claim of Exemption was preempted by principles of *res judicata* or collateral estoppel, grounded in either the state district court's order granting summary judgment[18] or the state district court action on January 27, 2020, certifying the summary judgment order as final.[19]

---

[14] *See* Doc. 56-3.

[15] *See* Doc. 71.

[16] *See* Doc. 1.

[17] *See* Doc. 71.

[18] Doc. 56-2.

[19] Doc. 56-3.

*Res judicata* applies if five elements are satisfied:

> (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them; and (5) a final judgment has been entered on the merits in the first action.[20]

Collateral estoppel applies if four elements are satisfied:

> (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom [collateral estoppel] is now asserted was a party or in privity with a party to the [final] adjudication; and (4) the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue.[21]

"A final judgment is one which constitutes a final determination of the rights of the parties; any judgment, order or decree leaving matters undetermined is interlocutory in nature and not a final judgment for purposes of appeal."[22] "[A] final judgment on the merits" is a required element for *res judicata* or collateral

---

[20] *Adams v. Two Rivers Apartments, LLLP*, 444 P.3d 415, 419 (Mont. 2019) (citing *Bugli v. Ravalli Cty.*, 422 P.3d 131, 134 (Mont. 2018).

[21] *Adams*, 444 P.3d at 419 (citing *McDaniel v. State*, 208 P.3d 817, 825-26 (Mont. 2009)).

[22] *In re B.P.*, 995 P.2d 982, 985 (Mont. 2000) (citing *In re Litigation Relating to the Riot of September 22, 1991*, 939 P.2d 1013, 1015 (Mont. 1997); *see also* Mont. R. App. P. 4(1).

estoppel.[23] "A summary judgment order is interlocutory, but is appealable *after* a final judgment is rendered."[24]

The state district court's order filed July 29, 2019, granting summary judgment in favor of Glastonbury was not a final judgment. It was not subject to appeal. It was not certified. It did not include elements necessary to a finding of either *res judicata* or collateral estoppel.

Bankruptcy proceedings include both "core" and "non-core" proceedings.[25] Core proceedings are those in which the bankruptcy court has jurisdiction to enter judgments.[26] State courts, however, may not intrude on bankruptcy proceedings that include core proceedings.[27] A homestead exemption is such a core proceeding.[28] The state court was without jurisdiction to enter final judgment concerning core proceedings on January 27, 2020, when core proceedings were still ongoing in the Bankruptcy Court.

---

[23] *Adams*, 444 P.3d at 419.

[24] *Cechovic v. Hardin & Assoc., Inc.*, 902 P.2d 520, 528 (Mont. 1995) (emphasis added) (citing *Riley v. Carl*, 622 P.2d 228, 230 (Mont. 1981)).

[25] *See* 28 U.S.C. § 157(b)(2)(B) (2018); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015).

[26] *See Wellness Int'l Network, Ltd.*, 135 S. Ct. at 1940.

[27] *See Gruntz v. Cty. of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079-80 (9th Cir. 2000).

[28] *See* 28 U.S.C. § 157(b)(2)(B) (2018).

6

## 2.1 Grant of the Motion to Avoid Lien

Exemptions available to a debtor to claims of creditors are statutorily defined.[29] Homestead exemptions are to be liberally construed in favor of debtors.[30] Montana applies its own law to the determination of what exemptions are available in bankruptcy.[31]

Debtors claiming a homestead exemption must have: (1) executed a homestead declaration on the subject property; and (2) filed it with the county clerk and recorder.[32] Moreover, to be eligible for an exemption, the homestead declaration must be supported by a declaration that the debtors are residing on the property in question.[33] Debtors listed their homestead exemption in Schedule C.[34] The Bankruptcy Court determined the debtors were entitled to a homestead exemption.[35]

---

[29] *See* Mont. Code Ann. §31-2-106 (2019).

[30] Mont. Const. art. XIII, § 5.

[31] *See* Mont. Code Ann. § 31-2-106 (2019).

[32] *See* Mont. Code Ann. § 70-32-105 (2019).

[33] *See* Mont. Code Ann. § 70-32-106 (2019).

[34] *See* Doc. 6 at 20.

[35] *See* Doc. 1-4 at 16.

A debtor who is entitled to a homestead exemption may avoid liens on the property covered by the exemption.[36] A debtor is entitled to "'avoid a lien if . . . (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien.'"[37]

The Bankruptcy Court found: (1) the lien was a judicial lien; (2) the lien impaired Debtors' interest in the property; and (3) that the Debtors were entitled to the exemption and to avoid the lien.[38] The Bankruptcy Court properly applied the law to its findings of fact concerning the Debtors' eligibility for the homestead exemption and its conclusion that the Debtors were entitled to the homestead exemption.

## 2.2 Consideration of Facts Outside of the Stipulated Facts in the Granting of the Motion to Avoid Lien

A court may take judicial notice of a fact that is not subject to reasonable dispute if "(1) it is generally known within the trial court's territorial jurisdiction, or; (2) can be accurately and readily determined from sources whose accuracy

---

[36] *See* 11 U.S.C. § 522(f); *see also In re Chiu*, 304 F.3d 905, 908 (9th Cir. 2002).

[37] *In re Chiu*, 304 F.3d at 908 (quoting *Estate of Catli v Catli ( In re Catli)*, 999 F.2d 1405, 1406 (9th Cir. 1993)).

[38] *See* Doc. 1-4 at 15-16.

cannot reasonably be questioned."[39] Rule 201 does not permit a trial court to take judicial notice of facts found by another court in a different proceeding.[40] It does, however, allow judicial notice to be taken of the existence of another court's opinion.[41]

In response to Glastonbury's objection, Debtors filed a brief which attached as exhibits two state district court orders and a state district court judgment[42] that were not a part of the Stipulated Statement of Facts.[43] The Bankruptcy Court afforded Glastonbury the opportunity to argue any issue cited, or to present evidence on any contested factual issue.[44] It chose not to do so.[45] Debtors alleged that the additional exhibits they offered were necessary to proper consideration of Glastonbury's *res judicata* and collateral estoppel claims.[46]

---

[39] *See* Fed. R. Evid. 201.

[40] *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (citing 29 Am. Jur. 2d *Evidence* § 58 (1967)).

[41] *Cal. Ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920 n. 8 (9th Cir. 2003) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

[42] *See* Docs 56-1, 56-2, 56-3.

[43] *See* Doc. 61.

[44] *See* Doc. 1-4 at 2.

[45] *See* Doc. 82 at 7.

[46] *See* Doc. 71 at 2.

The judgment and orders from the state court were considered by the Bankruptcy Court, not for the factual findings of the state court, but rather to determine the relevance of *res judicata* or collateral estoppel. No party contested authenticity of the filings and they could be accurately and readily determined from sources whose accuracy couldn't reasonably be questioned. The Bankruptcy Court properly considered them under Rule 201 as necessary to resolution of Glastonbury's Objection.

### 3. Denial of Relief Requested in Various other Motions

The Bankruptcy Court disposed of a series of motions,[47] filed by both parties, in its April 27, 2020, Order.[48] Relief as to all was appropriately denied as moot.

### CONCLUSION

From a *de novo* review of the record, the Court concludes the Bankruptcy Court was correct in its determination that the state district court orders were not binding on the Bankruptcy Court for purposes of *res judicata* and collateral estoppel.

Determination of the applicability of the homestead exemption as a core

---

[47] *See* Docs. 65, 66, 67, 68, and 69.

[48] *See* Doc. 71 at 16.

proceeding by the Bankruptcy Court was appropriate. The Bankruptcy Court's factual findings were not clearly erroneous and properly applied the law to determine whether the exemption applied. The Bankruptcy Court was entitled to consider filings outside of stipulated facts under Federal Rule of Evidence 201.

## ORDER

1. The Bankruptcy Court's overruling of the Objection to the Exemption is AFFIRMED.

2. The Bankruptcy Court's order granting the Motion to Avoid Lien is AFFIRMED.

3. The Bankruptcy Court's denial of the relief requested in ECF Nos. 60, 61, 62, 63, and 64[49] is AFFIRMED.

DATED this 23rd day of September, 2020.

*signature*
SAM E. HADDON
United States District Judge

---

[49] *See* Docs. 65, 66, 67, 68, and 69.